IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN E. BUTERBAUGH and
CARRIE BUTERBAUGH,
    Plaintiffs,

v.

SELENE FINANCE LP, JPMORGAN
MORTGAGE ACQUISITION
CORPORATION, as Trustee for the
Unknown Trust, and UNKNOWN TRUST,
    Defendants.

Case No.: 12-cv-14763

Honorable Patrick J. Duggan

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND, DENYING PLAINTIFFS' MOTION TO STAY ALL DISPOSITIVE MOTION PRACTICE PENDING THE ADJUDICATION OF PLAINTIFFS' MOTION TO REMAND AS MOOT, AND DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiffs initiated this action, which arises out of a residential mortgage foreclosure, in state court. Two of the three Defendants subsequently removed the action to this Court and filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Soon thereafter, Plaintiffs filed a Motion to Remand and a Motion to Stay All Dispositive Motion Practice Pending the Adjudication of Plaintiffs' Motion to Remand. Presently before the Court is Plaintiffs' Motion to Remand. Having determined that that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Local Rule 7.1(f)(2). For the reasons stated herein, the Court grants both Plaintiffs' Motion to Remand, denies Plaintiffs' Motion to Stay as moot, and denies Defendants' Motion to Dismiss without prejudice.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

On October 18, 2012, Plaintiffs John E. Buterbaugh and Carrie Buterbaugh filed the instant action in Macomb County Circuit Court.[1] (Compl.) Plaintiffs filed a motion for a temporary restraining order ("TRO") and preliminary injunctive relief concurrently with the Verified Complaint. On October 18, 2012, the state court entered a TRO and scheduled a show cause hearing on Plaintiffs' motion for preliminary injunctive relief. Summonses were issued on this date for the Defendants Selene Finance LP ("Selene"), JPMorgan Mortgage Acquisition Corporation as Trustee for the Unknown Trust ("JPMorgan"), and the Unknown Trust. Plaintiffs served the three defendants in accordance with the state court's October 18, 2012 Order.

Selene and JPMorgan removed the instant matter to this Court on October 26, 2012, on the grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441, 1446. On November 2, 2012, Selene and JPMorgan filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On November 9, 2012, this Court issued a show cause order asking JPMorgan and Selene to show cause why the case should not be remanded for lack of subject matter jurisdiction. This show cause order arose because the removal petition indicated that Selene was incorporate in Delaware and was therefore a citizen of that state. However, as a limited partnership, the state of incorporation was not the proper measure of its citizenship. An affidavit was supplied indicating upon information and belief that no general or limited partners were citizens of the State of Michigan. As such, the Court set aside its show cause order on December 3, 2012.

---

[1] Case No. 12-4691-CH

On November 21, 2012, Plaintiffs filed a Motion to Remand and a Motion to Stay All Dispositive Motion Practice Pending the Adjudication of Plaintiffs' Motion to Remand. In addition to remand, Plaintiffs seek an Order from this Court requiring Defendants to pay Plaintiffs' costs and expenses, including attorney's fees, incurred as a result of the removal. A response to the Motion to Remand was filed on December 7, 2012, followed by a reply on December 14, 2012.

## II.   STANDARD OF REVIEW

The federal courts of the United States are not courts of general jurisdiction. Rather, they are empowered to hear only those cases falling within the judicial power of the United States as defined in the Constitution, or those matters specifically committed to their authority by an act of Congress. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action from a state court only when the federal court would have original jurisdiction over the civil action. For this Court to have original jurisdiction, either diversity or federal subject matter jurisdiction must exist. 28 U.S.C. § 1332. The asserted basis for removal here is diversity jurisdiction, which exists only if the amount in controversy is in excess of $ 75,000, "exclusive of interest or costs," and the parties are citizens of different states. 28 U.S.C. § 1332(a).

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

3

In the instant case, Plaintiffs' Motion to remand, made within thirty days after the filing of the notice of removal, was timely.

### III.  DISCUSSION

Plaintiffs assert three grounds in support of their position that remand is proper.  First, Plaintiffs argue that Selene Finance and JPMorgan as Trustee failed to comply with the rule of unanimity when removing the instant action.  Second, Plaintiffs contend that Selene Finance and JPMorgan as Trustee waived their right to removal by failing to include the summonses in the removal petition.  Third, and lastly, Plaintiffs suggest that Defendants have not carried the burden of establishing diversity jurisdiction.  Because the first argument is dispositive, the Court declines to address the remaining arguments.

*A.     Removal and the Rule of Unanimity*

Plaintiffs argue that Defendants failed to comply with the rule of unanimity when removing this case to federal court because Defendant Unknown Trust did not join the removal petition nor did it file a written consent to removal within thirty days of receipt of the summons and/or complaint. (Pls.' Br. in Supp. 2-3.)  The rule of unanimity has been derived from the statutory language prescribing the procedure for removing a state action to federal court.  28 U.S.C. § 1446.  The rule demands that "in order for a notice of removal to be properly before the court, all defendants who have been *served or otherwise properly joined* in the action must either join in the removal, or file a written consent to the removal." *Loftis v. UPS, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (emphasis added) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999)).

4

Defendants concede that consent was not obtained from the Unknown Trust but contend that the failure to obtain consent from the Unknown Trust does not affect the propriety of removal because they allege that Plaintiffs failed to effectuate proper service on the Unknown Trust. (Defs.' Br. in Supp. 10-11.) Defendants' argument is unavailing. In issuing the TRO in the instant dispute, the Macomb County Circuit Court ordered Plaintiffs' counsel to serve a copy of the TRO, the Summons, the Verified Complaint, Motion and Brief, and all other applicable pleadings as follows:

1. Certified mail, return receipt requested, with delivery restricted to the addressee, to Defendant Selene Finance LP at its headquarters located at 9990 Richmond Avenue, Suite 400 South, Houston, TX 77042-8500;
2. Certified mail, return receipt requested, with delivery restricted to the addressee, to Defendant JPMorgan Mortgage Acquisition Corporation, as Trustee of the Unknown Trustee [sic], at its headquarters, located at 270 Park Avenue, Manhattan, New York, NY 10017; [and]
3. Certified mail, return receipt requested, with delivery restricted to the addressee, to Defendant Unknown Trust, c/o JPMorgan Mortgage Acquisition Corporation, as Trustee, at its headquarters, located at 270 Park Avenue, Manhattan, New York, NY 10017[.]

(10/18/2012 Ex-Parte Temporary Restraining Order & Order to Show Cause, Removal Petition, ECF No. 1-1, at 67.) Service was effectuated on all parties in precisely the manner ordered by the state court. (Proof of Service, ECF Nos. 7-9.)

Defendants argue that the Unknown Trust was not properly served because the method of service failed to comply with the methods described in the Federal Rules of Civil Procedure. Specifically, Defendants argue that Plaintiffs failed to comply with Federal Rule of Civil Procedure 4(e)(1) which permits service that complies with the service of process rules in the

5

state where the case is filed or in the state where service is made.[2] (Defs.' Br. in Supp. 11.) In this case, as it pertains to the Unknown Trust, service under Rule 4(e)(1) would be proper if it constituted proper service under the laws of the State of Michigan (the state in which the case was filed) or the State of New York (the state in which service was effectuated).

Defendant points to Michigan Court Rule 2.105(D)(1), which sets forth the requirements for service on a private corporation, and correctly points out that the method of service in the instant matter did not comport with the rule. Defendants, however, ignore Michigan Court Rule 2.105(I), which gives courts discretion to "permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." The state court ordered service of process in a manner reasonably calculated to give Defendant Unknown Trust actual notice of the proceedings as the court ordered that service be effectuated on JPMorgan as Trustee of the Unknown Trust. Because Plaintiffs complied with the state court's order, Defendant Unknown Trust was properly served under the laws of the State of Michigan.[3]

In light of the fact that service was proper as to all named Defendants and in light of JPMorgan's and Selene's concession that Defendant Unknown Trust's consent was not obtained in removing the case or filed within thirty days of the removal petition, the rule of unanimity has not been satisfied. *Loftis*, 342 F.3d at 516 (holding "that all defendants in the action must join in

---

[2] The Court notes that both JPMorgan and Selene were served in the same manner as the Unknown Trust and neither entity contends that service was improper as to it.
[3] Because the Court finds that service was proper under the laws of the State of Michigan, it does not address the propriety of service under the laws of the State of New York.

6

the removal petition or file their consent to removal in writing within thirty days of receipt of [] a summons when the initial pleading demonstrates that the case is one that may be removed[]").

The Court is aware that the Sixth Circuit "has expressed a reluctance to interpret statutory removal provisions in a grudging and rigid manner, preferring instead to read them in a light [] more consonant with a modern understanding of pleading practices." *Klein v. Manor Healthcare Corp.*, Nos. 92-4328, 92-4347, 1994 U.S. App. LEXIS 6086, at *13 (6th Cir. March 22, 1994) (unpublished) (citations omitted). However, *Loftis* announced a bright-line rule regarding the rule of unanimity. Although JPMorgan as Trustee could presumably have consented to removal on behalf of Defendant Unknown Trust, it has chosen instead to dispute service of process. The Court will not assume that JPMorgan's consent implies consent on behalf of the Unknown Trust in light of its challenge to the service of process and the Court will not permit Selene and JPMorgan to roll back the clock by allowing JPMorgan to amend its position regarding the Unknown Trust. Because the Unknown Trust was properly served with process and because it has not given consent to removal as required by *Loftis*, the Court remands the instant action to the state court.

**B.     *Attorney's Fees***

Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In the Sixth Circuit, such an award is discretionary with the Court. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). The Court declines to exercise its discretion to award costs and fees under the circumstances of removal in this case.

**C.     *Defendants' Motion to Dismiss***

Because the Court remands the entire action due to the defective removal, Defendants' Motion to Dismiss will be decided by the state court. As such, the Court denies Defendant's Motion to Dismiss but does so without prejudice.

### IV.    CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that remand is appropriate. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**, the case is hereby **REMANDED** to the Macomb County Circuit Court for further proceedings consistent with this opinion;

**IT IS FURTHER ORDERED THAT** Plaintiffs' Motion to Stay All Dispositive Motion Practice Pending the Adjudication of Plaintiffs' Motion to Remand is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Dismiss is **DENIED WITHOUT PREJUDICE.**

Date: March 4, 2013                           s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
**Adam J. Gantz**
**John B. Burcham**
**Nickolas C. Buonodono**
**Jeffrey T. Goudie**